The next matter on our calendar is Old Republic General Insurance vs. Century Surety. Morning. Morning, Your Honors. Ken McGuire of Ken McGuire & Associates for the appellant Old Republic General Insurance Company. If it please the Court, insurance law section 3420D, which is often litigated in the New York courts and often enough in this court in the Southern District, applies to this case. And the Court erred, unfortunately, in applying J.T. Magan to this case. The letter sent by Old Republic's administrator, Gallagher Bassett, very clearly submitted a tender letter and notice to Century Surety, which very specifically said it was on behalf of McGowan, the general contractor, in the action below. Judge Gardefee held that, oh, this is between two insurance companies, so therefore I don't need to consider 3420D. That is not the case, and we cite Admiral Insurance vs. State Farm, the First Department case, which says exactly that, a 2011 case. Let's assume that notice is needed. Why wasn't this notice adequate? Well, I'm glad you asked that, Your Honor, because of the statute by the New York courts and the Court of Appeals, and we cite First Financial on that issue. The statute is very, very specifically and strictly enforced. You have to issue a denial as an insurer unequivocally. You can't say but. You can't say if. Our court in endurance with exactly this language in a summary order said this language is adequate. Now, it's a summary order, so it isn't binding on us. On the other hand, this is an issue of state law, and there has been no state statement at any time since endurance that endurance is not correct. If even the lowest court in New York had said endurance was not correct, that would reopen the issue. But why isn't that a statement that, after all, the only thing we have since that is or from New York is really Gravis, the Court of Claims, which says the same language is adequate. Now, you know, I'm big on certification, but I wonder whether in this case we have nothing that suggests that New York law isn't the way we said in endurance. Old Republic agrees, Your Honor, and if you look at Gravis, it's a Court of Claims trial-level decision on a motion. I know. And it does not analyze the particular issue in the endorsement which says employer's liability. Okay? In this case, regarding a general contractor who does not employ Mr. Newton Bessain, that is ambiguous because this Court's Hastings decision even noted that, that it can be ambiguous. Which part is ambiguous? Can you clarify which part is ambiguous? Sure, Judge. They're in the endorsement, and the endorsement is in the record. I have the page here, but the action over exclusion, we submit that the moniker action over exclusion is pretty ambiguous and misleading in this case. But let's get down to the heart of it, where it says, this coverage part does not apply to employer's liability, colon, injury or damage to employee of the name insured, and it goes on. How does that apply on its face to my insured McGowan, the general contractor who's tendering as additional insured? There's at least a question of ambiguity, if not total ambiguity, that shouldn't apply. And I have to say, getting back to the issue of 3420D, Your Honor, if you look at the decision, if you look at the letter. Could you clarify that a little bit more? So your argument is that the ambiguity comes from the applicability of employer to McGowan? Yes, Your Honor. In the endorsement, it says, this coverage part does not apply to employer's liability, colon, injury or damage to an employee of the name insured arising out of and in the course of, and then it continues. We're not the employer. McGowan's not the employer. So why does employer's liability reference an additional insured general contractor submitting for coverage as an additional insured? How is it possible that there's no ambiguity as to that? It's at least a question which should be delved into, and there should have been. You recommend we certify this to the New York State Court of Appeals, don't you? We asked for that in our brief, Your Honor. But beyond that, there's also the question of whether it was an untimely denial. And, unfortunately, Judge Garnethy said that the case Magan, J.T. Magan, which scared the heck out of all the insurers because in J.T. Magan, the appellate division said, well, if you don't specifically say you're tendering this on behalf of McGowan and it looks like coinsurance claim between two insurers, then 3420D doesn't apply and we'll let them out of not giving a proper definitive disclaimer letter, as is absolutely required in a bodily injury case by the statute 3420D. Now, Judge Garnethy, he said that, oh, Magan applies. I don't know how. If you look at the record with regard to the letter, the tender letter, it very specifically says on behalf of McGowan. Yes, it's an insurer that's tendering on behalf of an insurer. Is there any difference, just for me to be clear, between what we did in endurance and this situation today? I mean, is endurance, in fact, exactly the same? But it is just a summary order, just for my knowledge. It is a summary order, Your Honor, but reading endurance, to answer your question, I think the issue that I've just brought up was not properly analyzed as to employers' liability. That's my problem as counsel. But was the employers' liability situation there? Yes, Judge, and beyond that, I have to add that Century Surety did it correctly. Five months later, they served another November denial letter, and in this letter, it's in the record, in this letter they cite not only this action over exclusion once again, but they cite their other endorsement as well, and they base their denial now on the other endorsement, injury to a subcontractor's employee. Now, that's getting on point with who your insurer is that's being tendered, the general contractor. And they may actually have gotten it right, if that but for they did it five months later, prohibited by first financial, court of appeals. So I agree with Judge Poole. If there is a question as all as to ambiguity, it should be certified. Thank you. Thank you, Your Honor. We'll hear from Century. Good morning, Your Honors. Christopher Bradley for the appellee. May it please the Court. We submit the district court got it correct in all three respects. The disclaimer was timely, valid, and relied upon an unambiguous exclusion. Let me start with timeliness. Judge Gardefee addressed the issue of timeliness two ways. He said 3420 did not apply to disputes between insurers. I believe he's correct. He went further. This disclaimer, he also said, regardless of 3420, it's timely. It's way with, it was 22 days. Well, there's no question that if a disclaimer that came in with 22 days was a valid disclaimer, that was timely. I don't think anybody is arguing that. Correct. So that the whole 3420 argument is a red herring. Judge Gardefee ruled regardless it was a timely disclaimer. With respect to the validity, the action over exclusion, we'll rely on our brief, and Judge Pooler's, and the endurance decision has ruled explicitly. Well, the endurance decision was a summary order by our court on New York law. And the question is, is New York law clear? And can we say New York law is clear when there was a just a summary order by our part, a decision by the court of claims, and no more than that. Now, they brought it in state court. You removed, as you had your right to do, but that removes New York courts from the opportunity of saying what New York law is. And that is why certification is often worthwhile, because it gives a New York highest court a chance to speak on New York law. So the question for me is, does the fact that endurance came down in one way, and that there has been no suggestion by New York courts, to the contrary, be enough so that we don't need to certify, or should we ask New York if it wants to take it?  Okay. We submit the court should decline to refer, to certify the question for this reason. There's the phrased action over exclusion is the header. It's an employer's liability exclusion. What does that header, what do those words mean, action over exclusion? Is there a hyphen missing for action being over? I just, I actually can't make sense of the words. I don't believe so. In common parlance, and we refer to some insurance treatises, it's a claim over against a third party, typically the employer. But the employer's liability exclusion, and was addressed in endurance, that has the same identical language. When you're talking about who gets the benefit or not, it has been interpreted to extend to additional insurers, such as McGowan in this case, countless times. There's been no ambiguity. And, Your Honor, there are numerous state court decisions that we cite to, as well as in the district courts in this circuit, that have interpreted the action over exclusion relying on state law numerous times. Yeah, but you don't give us a New York Court of Appeals decision. You give us lower court New York cases. That is correct. Why would McGowan buy such a policy when the main thing they want to prevent against is being sued by a subcontractor's employee? Why would they buy a policy that excludes the main thing that they care about? Sure. And I think the reason is McGowan didn't buy this policy. McGowan's a complete stranger to the century policy. A.V. Steele purchased the century policy. McGowan was a stranger who was seeking additional insured status. They have nothing to do with A.V. Steele. And when A.V. Steele goes out, McGowan hired A.V. Steele as a subcontractor. It was A.V. Steele who purchased the insurance. And, by the way, A.V. Steele purchased we're an excess insurer. We're not the primary insurer. In fact, I believe in this case endurance is the primary carrier also. And McGowan purchased its own insurance. What's really going on here is risk transfer. McGowan's own carrier, Old Republic, is trying to who McGowan did go and purchase the insurance from, is trying to avoid its own obligations. We're an excess insurer. McGowan is a complete stranger until, again. But it has rights because it's mentioned as an employer, maybe, whatever that means. Well, McGowan would never have rights as they would have rights as purported additional insured. And so when, and again, McGowan itself never tendered. The Gallagher Bassett, the third-party administrator for Old Republic, tendered. And, again, even in that tender letter, when you talk about 34, it says we are tendering. That's Gallagher Bassett. And when you read the letter carefully, it's a notice letter as to Century, who's the excess insurer. They are tendering to Endurance, who's the co-addressee in the letter. We're for record purpose only. We don't have a duty to defend. This is not a duty to defend case. So McGowan is a complete stranger. And they, whether they would or would not, whatever kind of insurance they wish to purchase, that's up to them. Why would AV and the alternative buy a policy that doesn't give them the protection? They're free because of workers' comp. But why would they buy a policy that doesn't protect the general contractor? Isn't that what this is all about? It is. Protecting someone who gets injured on the job? Right. And then typically there are policies where, depending on the language, in this case, we added the action over exclusion, which precludes that type of risk. And it's reflected in the premium. If they didn't want that exclusion or they wanted broader coverage, they would have paid and purchased it. AV Steel is doing its own risk assessment, saying, okay, I am protected because I'm the employer. I'll never get sued. Now, contractors, whether they do or don't, AV Steel made a decision. It decided not to purchase that coverage. The coverage AV Steel purchased would not cover additional insureds for injuries to AV Steel's employees. That's the marketplace. So if they wanted to protect the general contractor, they had to pay more in their ‑‑ they had to buy a different policy. Or if in the ‑‑ But the general contractor, McGowan, the policy is Old Republic, correct? Correct. So McGowan purchased its own insurance. McGowan is completely protected here. This is not a situation where somebody is bare. They have their own coverage. And if they wanted AV Steel to get them a certain type of coverage, they would have said get this for us, and then AV Steel would have had to have gotten it. AV Steel did not purchase it. And regardless of what's in the subcontract between McGowan and AV Steel, AV Steel, when it came to purchase its own insurance, decided for its own financial reasons not to purchase that coverage. What I forget from time to time is that the actors here know what they're doing because they're in the business of building and insuring their workers. Correct. And this is not ‑‑ these are not unsavvy people. And like even when I said McGowan, who's a complete stranger to this transaction, it's Gallagher, Bassett, Old Republic. It's at the insurer level. Right. That's what I forget, that they know what they're doing. That's correct. If the Court doesn't have any other questions, I'll rest on my brief. Thank you. Thank you, Your Honor. Counsel, you've reserved two minutes for rebuttal. Yes, Your Honor. So if they know what they were doing, they weren't buying insurance to cover AV Steel's workers. McGowan wasn't. By contract, they were to get insurance, general liable insurance, which did not include such ridiculous purported exclusions. That's all I'll say on that, Judge. So that's nonsense to the issues in this case. The issues in this case is whether they had a proper denial based on proper aspects of their policy. Now, the denial was within 20-something days. That's not the problem. The problem is if we look at the language, and I don't want to belabor it with the Court, but it's all if this happens, and if the underlying carrier does this, and we will do this, potentially, and says we must reject your tender at this time. Well, was the only if, significant if, was if the person was an employee? That was one of them, Judge. They never redirected that, and they never gave us a timely denial. They waited five months later to do it. That's the problem, and that's why they lose. Tell me the other conditions. I'm sorry, Judge? You said there are other conditions. Oh, there are several, Judge. If we look at Record A-98, whether McGowan qualifies as an additional insurer will depend on the determination of the underlying primary carrier endurance. Counsel made a point here just now that it didn't matter because they were excess, they're excess of $1 million, potentially, insurance for my general contractor. I was just at a mediation last week, Judge. This man lost four toes, and the mediation didn't settle the case of Mr. Newton because his demand is $9 million. It's down from $14 million. And counsel makes the argument, oh, it doesn't matter that we comply with the insurance law in our denial and that we can send a letter out five months later saying unequivocally he's your, he's the employee of our insured, so it doesn't apply. I have to make one more point. This action over exclusion, Your Honor asked the question, I think aptly, about what does it mean, action over exclusion? They're referring to third-party action over. Counsel submitted some industry publication in his brief on that. That makes it not apply. A third-party action over would be against their own insured by McGowan. So that creates another ambiguity in and of itself. Then we get to the main ambiguity, in my view, that says it applies to employer's liability. Now, if they didn't put that in there, there may be a crapshoot, as they say, about, oh, whether it just applies to the named insured. But they didn't do that. In fact, the appellee cites many cases, such as Molyon, where the appellate division of Molyon ruled on a similar endorsement, but it said with regard to any insured, an employee of any insured for any insured, be it named or additional insured. They didn't do that, this insurance company in drafting it. So I submit, notwithstanding the memorandum decision in the endurance case this court has, Hastings disagreed with it also of this court. And I submit that at the very least, as Your Honor has suggested, it is uncharted waters for New York law, if we look at the ambiguity issue. And as to the 3420D issue, it just does not work. The counsel says we should be excused because we're an excess insurer. Thank you, Your Honor. Thank you both. We'll reserve decision.